Caruthers, J.,
delivered the opinion of the Court.
The defendant with many others subscribed their names to this writing:
“We, the undersigned, agree to take the following number of shares in the M. & 0. Railroad. May, 1851.”
To this the defendant signed his name, or authorized it to be done, for one share. By the Alabama- charter, which was adopted by our Legislature, the price of a share is fixed' at one hundred dollars. The proof, shows that a public meeting was held in Trenton, and speeches were made, for the purpose of stirring up the people to a sense of their interest in encouraging the road and contributing to its success, by taking stock. The defend *296 ant ordered Ms name to be entered for one share, and a large amount was subscribed by others. This list was handed over to the agent or officers of the corporation, and each man’s name was entered upon the books of the company, and regular calls made upon them as stockholders. Upon this state of facts, the defendant succeeded in defeating the plaintiff, both before the justice of the peace and in the Circuit Court. Were these judgments right ? Let us see.
“ The Court charged the jury that no recovery could be had upon exhibit A, under the circumstances, for want of a sufficient promise, of a sufficient cpnsideration, and of mutuality of obligation.” . This is the whole charge, and it is certainly quite summary and decisive. We think it is erroneous.
It is an agreement in writing to take the amount of stock subscribed by each; that is, the defendant obligated himself to pay one hundred dollars towards the construction of the road, as it might be called under the charter, and for which the charter made him a stockholder, with an interest to that extent in the road. The certificate for one share to which he would be entitled from the company, would be evidence of this, but that could only' be demanded after the money had been fully paid, and could not be required as a condition precedent to the payment of the subscription. His right to the stock would be as good without as with the certificate. It may be true that these subscriptions for stock were made upon a voluntary movement of the people? and not to an authorized agent of the corporation, and if that were so, there would be nothing needed to make them binding, but their adoption by the plaintiff, and *297 that was done in this case. So if it only be regarded as a proposition to take stock, as contended by the defendant, and not withdrawn before acceptance, it would be obligatory. In such a case some act of adoption or acceptance would be necessary. The entry of the name of defendant upon the stock^book of the company was a sufficient act for that purpose, and closed the contract, by which the defendant became bound to pay $100, and the company to give him one share of stock, with all the powers and privileges of a member of the company. Then, there was a promise, consideration, and mutuality of obligation.
It is objected that the agreement is to pay the “M. and 0. Railroad,” instead of the “Memphis and Ohio Railroad Company,” (the charter name.) This abrev-iation cannot affect the' case, as. it is as well understood by that as if written in full, by the parties to it, and all others. There is no uncertainty in it, and it cannot defeat the subscription, particularly after the ratification of the company intended, without objection on the ■ part of defendant.
Contracts are entered into by these companies on the faith of subscriptions of stock, and they should not be too easily avoided. They are voluntarily made, but when made, must be paid unless there is some clear legal defense. The defendant is therefore bound to pay.
Judgment reversed and cause remanded for a new trial.